## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **PEARLY L. WILSON,** | : | |
| **Plaintiff,** | : | **Case No. 2:06-cv-392** |
| v. | : | **Judge Holschuh** |
| **JIM KARNES, SHERIFF,** | : | **Magistrate Judge King** |
| **Defendant.** | : | |
| | : | |

### MEMORANDUM OPINON & ORDER

Plaintiff Pearly L. Wilson ("Plaintiff"), appearing *pro se*, filed this 42 U.S.C. § 1983 claim against Defendant Jim Karnes, Franklin County Sheriff, both in his individual and official capacities ("Defendant").  Plaintiff alleges that Defendant, acting under color of state law, deprived him of various rights secured by the federal Constitution and the laws of Ohio.  This matter is currently before the Court on the Motion of Defendant for Judgment on the Pleadings, (R. at 19), and Defendant's Motion to Strike Plaintiff's Reply. (R. at 22.)  For the reasons set forth below, Defendant's motions are **GRANTED**.

**I.      Background**

Plaintiff filed his Complaint in this matter on May 24, 2006.  (R. at 4.)  After a Preliminary Pretrial Order was issued on November 17, 2006, (R. at 14), Plaintiff moved to amend his Complaint on November 28, 2006.  (R. at 15).  The Court granted this Motion on January 5, 2007 (R. at 16), and Plaintiff filed his Amended Complaint on the same day.  (R. at 17.)  Plaintiff's Amended Complaint is set forth below, unaltered, in its entirety.

Plaintiff, Pearly L. Wilson hereby amends his Complaint to read as follows:

1. That Defendant, Jim Karnes, did knowingly, intentionally, and deliberately use, or cause to be used, Plaintiff's Social Security number to identify, or caused to be identified by others, to arrest and imprison Plaintiff in violation of the Constitution and laws of the United States and the State of Ohio.

2. That Defendant Jim Karnes, as a result of his actions, or failure to act, did cause Plaintiff to lose his benefits from both the Social Security Administration and the Veterans Administration for more than six (6) months while being in prison, having falsely charged Plaintiff with a relony which, under Ohio's laws and four (4) Ohio Supreme Court Decisions, the first having been rendered on August 25, 1999, the second decided on October 29, 2003, (two (2) cases), and the last decided on August 24, 2005.  For more than seven (7) years, the Defendant has been so acting, depriving Plaintiff of his vested right to freedom of movement./ . . . a liberty right guaranteed by both the Federal and State Constitutions.

3. That Defendant Jim Karnes acted under color and pretense of authority, and of state law by forcing Plaintioff to register each and every year with his Office, on, or before, October 16th, and still continues to do so at this time illegally and unlawfully, although Defendant Karnes is and was a law enforcement officer charged with the duty to uphold and enforce Ohio's laws and the Constitution of the United States and Constitution of the State of Ohio.

4. As Sheriff, Defendant Jim Karnes was and is charged to and with the duty to know whom he could arrest, or cause to be arrested and/or imprisoned. Defendant Karnes misused his powers and abused his powers possessed by virtue of state law, by failure to keep abreast of applicable laws of Ohio and, Federal laws, and rights of persons so arrested.

5. Misusing such powers possessed by him, Defendant, Jim Karnes, deprived, or caused the Plaintiff to be deprived of his right to access to the Courts, both Federal and State, while Plaintiff was confined in the Franklin County, Ohio jail, a vested right guaranteed by the Federal and State Constitutions at all times pertinent to this case, i.e., present and future enjoyment so long as the right to such present and future enjoyment is presently fixed.

6. There is no way that Defendant Jim Karnes can claim ignorance of the laws pertinent to Plaintiff's claims herein.

(Am. Compl., R. at 17).

Defendant answered Plaintiff's Amended Complaint on January 17, 2007 (R. at 18), and then

moved for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) on March 20, 2007. (Def. Mot. J. Pleadings, R. at 19.) Plaintiff responded on April 2, 2007. (Pl. Mem. Opp'n, R. at 20.) Defendant moved to strike Plaintiff's response on April 9, 2007 (Def. Mot. Strike, R. at 22), and replied to Plaintiff's response shortly thereafter on April 13, 2007. (Def. Reply, R. at 23.) These issues are now ripe for adjudication. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

## II.  Defendant's Motion to Strike

Defendant has moved to strike Plaintiff's response to Defendant's Motion for Judgment on the Pleadings. (R. at 22.) Defendant argues that Plaintiff's response, which contains evidentiary matters outside the pleadings, improperly attempts to convert Defendant's Motion for Judgment on the Pleadings into a motion for summary judgment. (Def. Mot. Strike p.3, R. at 22.) Plaintiff has not responded to this Motion; however, it does not follow that this Court will automatically grant Defendant's Motion. The Court must still determine whether Defendant's Motion adequately sets forth sufficient grounds for granting the relief requested. Cf. Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991) (Recognizing that, even if the nonmoving party has not responded, a court must still examine a motion for summary judgment to ensure that the movant has met his or her burden of demonstrating the absence of a genuine issue of material fact).

### A.  Relevant Law

Rule 12(c) governs motions for judgment on the pleadings, which are designed to test the sufficiency of the complaint only, not the import of matters outside of the complaint. However, Rule 12(c) also provides that

> [i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for

3

summary judgment and disposed of as provided in Rule 56.

FED. R. CIV. P. 12(c). The Sixth Circuit has adopted a strict test to determine whether a Rule 12(c) motion has been converted to a Rule 56 motion. "[T]he mere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment." Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc., 452 F.3d 494, 503 (6th Cir. 2006). District courts have broad discretion to accept or reject matters outside the pleadings that are presented on Rule 12(c) motions, and will be reversed only for an abuse of that discretion. Id. (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1371 (3d ed. 2004)).

**B.     Analysis**

Plaintiff's response contains numerous factual allegations that were not included in the Amended Complaint, as well as an affidavit and a copy of a request for information with dates relevant to Plaintiff's claims. (Pl. Mem. Opp'n at ex. A, B, R. at 20.) Defendant's Motion to Strike argues strenuously that these materials are evidentiary matters outside of the allegations in the Amended Complaint that, if admitted, would impermissibly allow Plaintiff to deny Defendant the opportunity to have his Motion resolved as a Rule 12(c) motion. Defendant argues that this "Court should not adopt a policy whereby a litigant is able to prevent his opponent from obtaining the benefit of a lawful provision of the Civil Rules merely by unilaterally attaching . . . exhibits as he sees fit, thereby converting the motion filed against him into something *he'd* rather be addressing, instead of addressing the motion actually filed." (Def. Mot. Strike p. 3, R. at 22.)

As an initial matter, the Court disagrees with Defendant's characterization of Plaintiff's actions. Plaintiff is a *pro se* litigant who, in all likelihood, is unfamiliar with the intricacies of

motion practice under the federal rules and the relationship between motions for judgment on the pleadings and motions for summary judgment. Faced with a motion attacking his Amended Complaint, Plaintiff simply did what would be natural for a layman and attempted to supplement the facts contained in the Amended Complaint. The Court declines to impute any strategic or bad faith motivation to Plaintiff's submission of materials outside the scope of the pleadings.

This does not mean, however, that those materials should be considered. Whatever innocent motivation Plaintiff may have had, Defendant is correct that accepting these evidentiary materials would convert this Rule 12(c) motion into a motion for summary judgment. Defendant, the movant here, has made it quite clear that he opposes this conversion, and wishes that this Motion remain a motion for judgment on the pleadings pursuant to Rule 12(c). (Id.) Fairness dictates that, absent some persuasive justification, the moving party should be able to obtain the benefit of the particular rule he or she has chosen to move under. Cf. Nicol v. Koscinski, 188 F.2d 537 (6th Cir. 1951) (noting that, in the change of venue context, the plaintiff should obtain the benefit of its chosen forum unless the balance of factors strongly favors the defendant). Therefore, the Court expressly rejects the evidentiary materials in Plaintiff's response that go beyond the Amended Complaint, and grants Defendant's Motion. (Def. Mot. Strike, R. at 22.)

**III.    Defendant's Motion for Judgment on the Pleadings**

With the nature of Defendant's Motion now settled, the Court turns to the merits of Defendant's Motion for Judgment on the Pleadings. (R. at 19.)

    **A.    Relevant Law**

        **1.    Rule 12(c)**

Motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure

12(c) are evaluated in much the same way as Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief may be granted. See Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-12 (6th Cir. 2001); Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998); Mixon v. Ohio, 193 F.3d 389, 399-400 (6th Cir. 1999). The purpose of a motion under either rule is to test the sufficiency of the complaint. A complaint need not set down in detail all the particulars of a plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Grindstaff, 133 F.3d at 421. However, the Court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. Id. The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

The Court will grant a motion for judgment on the pleadings if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

  **2. 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To recover under § 1983, a plaintiff must prove that a person, acting under color of law, violated his or her rights, as guaranteed by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Suits pursuant to § 1983 may be brought against persons in both their official and individual capacities.  A suit against a person in their official capacity is the equivalent of a claim against the governmental entity itself, and is governed by Monell v. Department of Social Services, 436 U.S. 658 (1978).  Under Monell, a governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory simply because its employees engaged in unconstitutional conduct. Id. at 691.  Rather, a plaintiff seeking to prevail in a § 1983 suit against a governmental entity must first prove, of course, that a constitutional violation actually occurred, and then prove that a policy or custom of the governmental entity was the "moving force" behind the alleged constitutional violation. Id. at 694.  Such a policy or custom may consist of: "(1) the governmental entity's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of or acquiescence to federal rights violations." Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005).

A § 1983 suit may also be brought against a governmental employee in their individual capacity.  A plaintiff in an individual capacity suit seeks to hold the governmental employee

personally liable for actions taken under color of state or federal law that deprive the plaintiff of his or her rights. Kentucky v. Graham, 473 U.S. 159 (1985). Such suits are subject to the defense of qualified immunity, however. "Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Estate of Carter v. Detroit, 408 F.3d 305, 310-11 (6th Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Once a defendant raises this defense, the plaintiff bears the burden of proving that the defendant is not entitled to qualified immunity. Silberstein v. City of Dayton, 440 F.3d 306, 311 (6th Cir. 2006).

The qualified immunity analysis involves a two-step inquiry. Saucier v. Katz, 533 U.S. 194 (2001). First, a court must determine whether the facts, viewed in the light most favorable to the plaintiff, show that a constitutional violation has occurred. Id. at 201. Second, a court must determine whether the constitutional right was clearly established. The relevant inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-2. If there is no constitutional violation, or if the "law did not put the officer on notice that his conduct would be clearly unlawful," the plaintiff cannot succeed on the claim. Id. at 202.

**B. Analysis**

As an initial matter, the Court must determine what, exactly, Plaintiff's Amended Complaint alleges. Complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and should be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976). However, *pro se* litigants must still comply

with all procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993).

Construing Plaintiff's Amended Complaint liberally, the Court determines that Plaintiff is alleging three distinct claims. The first is a claim for false arrest and false imprisonment, which resulted in Plaintiff losing Social Security and Veteran's benefits, as a result of Defendant's use of Plaintiff's Social Security number to identify Plaintiff and have him arrested, all in violation of his federal liberty interest in freedom of movement and state law. (Am. Compl. ¶¶ 1, 2, 4, R. at 17.) The second claim alleges that Defendant unlawfully forces Plaintiff to register with the Sheriff's Office, in violation of federal and state law. (Id. at ¶ 3.) Finally, Plaintiff claims that Defendant denied him access to the courts while Plaintiff was incarcerated, in violation of federal and state law. (Id. at ¶ 5.) The Amended Complaint does not specify whether Plaintiff is suing Defendant in his individual or official capacity. However, the initial Complaint in this matter did indicate that Plaintiff was suing Defendant in both his individual and official capcities (R. at 4), and the Court will so construe Plaintiff's Amended Complaint.

### 1. Official Capacity Claims

Because the term "freedom of movement" most commonly refers to the Constitutional right to interstate travel, see, e.g., Saenz v. Roe, 526 U.S. 489 (1999), the deprivation of "freedom of movement" Plaintiff complains of in his first claim is properly characterized as a claim for deprivation of Plaintiff's liberty interest in being free from bodily restraint, which "has always been at the core of the liberty protected by the Due Process Clause." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). While Plaintiff is correct that, in the abstract, he has a liberty interest in being free from bodily restraint, Plaintiff's Amended Complaint is completely devoid of any factual basis that would support a finding that this right was violated.

9

Plaintiff's allegations that Defendant used his Social Security number to identify Plaintiff and have him arrested do not establish that a constitutional violation occurred. While a number of courts have found that a Social Security number is a highly private piece of information, see, e.g., Greidinger v. Davis, 988 F.2d 1344 (4th Cir. 1993); Hopkins v. United States Dept. of HUD, 929 F.2d 81 (2d Cir. 1991); I.B.E.W. Local Union No. 5 v. United States Dept. of HUD, 852 F.2d 87 (3d Cir. 1988); Pilcher v. Rains, 853 F.2d 334 (5th Cir. 1988), no court has held that an individual's interest in their Social Security number rises to the level of the privacy interest in avoiding disclosure of personal matters that is protected by the Fourteenth Amendment's substantive due process clause. See, e.g., J.P. v. DeSanti, 653 F.2d 1080 (6th Cir. 1980) ("[T]he Constitution does not encompass a general right to nondisclosure of private information;" only personal rights fundamental to the concept of ordered liberty are protected); Brown v. Sparkman, 178 F.3d 1293, No. 96-6138 *2 (6th Cir. March 23, 1999) (unreported) ("[Petitioner's] invasion of his privacy claim lacks an arguable basis in law because the revelation of [Petitioner's] Social Security number . . . falls short of the privacy interest to which [Petitioner] is entitled"). Defendant's use of Plaintiff's Social Security number, even if Plaintiff's allegations are true, does not violate Plaintiff's Constitutional rights. Similarly, the remainder of the allegations in Plaintiff's first claim also do not establish the existence of a constitutional violation.

The same can be said for Plaintiff's second and third claims. Plaintiff's "forcing to register" claim does not contain a sufficient factual basis that would allow the Court to identify a cognizable constitutional violation, much less "direct or inferential allegations respecting all the material elements" of such a violation. Scheid, 859 F.2d at 436. And while Plaintiff's third claim is correct in that Plaintiff does have a fundamental right to access the judicial system while incarcerated, see

Bounds v. Smith, 430 U.S. 817, 821 (1977); Ex parte Hull, 312 U.S. 546 (1941), again the Amended Complaint does not set forth facts sufficient to support a valid denial of access to the courts claim. To state a colorable denial of access to the courts claim, Plaintiff has to allege facts showing that 1) he did not have "meaningful access to the courts," Bounds, 430 U.S. at 823; and 2) that such a lack of access actually injured his efforts to pursue a nonfrivolous claim attacking either his conviction or the conditions of his confinement. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). Plaintiff does not allege what, exactly, Defendant did to deny him access to the judicial system, how this conduct denied him meaningful access to the courts, or how this lack of access actually injured a nonfrivolous claim. Furthermore, none of Plaintiff's three claims alleges that a governmental entity's policy or custom caused these alleged constitutional violations. See Monell, 436 U.S at 694.

Even construing the Amended Complaint in the light most favorable to the Plaintiff, and keeping in mind that a motion for judgment on the pleadings should be granted "only if the moving party is . . . clearly entitled to judgment," Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 450 (6th Cir. 1973), the Court finds that Plaintiff's Amended Complaint fails to allege facts sufficient to set forth a valid claim against Defendant in his official capacity. While Rule 8(a)(2) only requires a short and plain statement of the claim, it must contain *some* factual allegations that identify the underlying events that gave rise to the claim and demonstrate that Plaintiff could recover under some legal theory. Scheid, 859 F.2d at 436. Plaintiff's official capacity claims do not contain such factual allegations, and Defendant is entitled to judgment on the pleadings.

### 2. Individual Capacity Claims

Likewise, Plaintiff's claims against Defendant in his individual capacity are insufficient to

survive a motion for judgment on the pleadings. Defendant has asserted a qualified immunity defense, which places the burden on Plaintiff to prove that Defendant is not entitled to that immunity. See Silberstein, 440 F.3d at 311. Plaintiff's claims, however, fail Saucier's first prong. 533 U.S. at 201. For the reasons discussed above, the facts, such as they are, in Plaintiff's Amended Complaint do not show that any constitutional violation has occurred. It is thus unnecessary to determine whether the constitutional rights allegedly involved were clearly established. Defendant is entitled to judgment on the pleadings as to Plaintiff's individual capacity claims.

### C. Plaintiff's State Law Claims

Plaintiff's three claims also allege that Defendant has violated state law. However, since the Court will grant judgment on the pleadings on all of Plaintiff's federal claims, the Court declines to exercise jurisdiction over Plaintiff's supplemental state law claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (holding that if the federal claims supporting supplemental jurisdiction are dismissed prior to trial, the state law claims should be dismissed as well); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims. . .").

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Strike (R. at 22) and Motion for Judgment on the Pleadings (R. at 19) are **GRANTED**. Plaintiff's Amended Complaint (R. at 17) is **DISMISSED**. This dismissal, however, is without prejudice. The evidentiary materials Plaintiff submitted in his response, which were rejected by this Court and not considered when deciding the Motion for Judgment on the Pleadings, indicate that facts may exist that could support Plaintiff's

claims. Plaintiff has thirty (30) days from the date of this Memorandum Opinion & Order to file a Second Amended Complaint re-asserting his § 1983 claims against Defendant. Plaintiff is advised, however, that this Second Amended Complaint must contain sufficient factual allegations to support the claims asserted. If Plaintiff's Second Amended Complaint again fails to include sufficient factual allegations, it will be dismissed with prejudice.

**IT IS SO ORDERED.**


Date: November 26, 2007                              **/s/ John D. Holschuh**
                                                    John D. Holschuh, Judge
                                                    United States District Court