# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PEARLY L. WILSON, | : | |
| Plaintiff, | : | Case No. 2:06-cv-392 |
| v. | : | Judge Holschuh |
| JIM KARNES, SHERIFF, | : | Magistrate Judge King |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

After pleading guilty to violating Ohio Revised Code § 2950.05, which requires certain sex offenders to notify the local sheriff of a change of address, Plaintiff Pearly Wilson, proceeding *pro se*, filed suit against Franklin County Sheriff Jim Karnes, seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. This matter is currently before the Court on cross-motions for summary judgment. For the reasons set forth below, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

**I.      Background and Procedural History**

Plaintiff was convicted in Hamilton County, Ohio in 1976 of one count of rape and two counts of felonious assault. He was sentenced to a prison term of 7-25 years on the rape count and consecutive 5-15 year prison terms on each count of felonious assault. Plaintiff was released on parole in 1992, but his parole was revoked in 1993 and he remained incarcerated until 1999 or

2000.[1]

On May 21, 2005, Plaintiff was arrested by a Columbus police officer and charged with violating Ohio Revised Code § 2950.05. That statute requires sex offenders subject to the registration requirements set forth in Ohio Revised Code § 2950.04 and 2950.041 to provide written notice of a change of address to the sheriff in the county where they reside, work, or go to school. At the time of Plaintiff's arrest, individuals subject to this reporting requirement included those who on or after July 1, 1997 (the date the statute went into effect) were "released in any manner" from a term of imprisonment for a sexually oriented offense, and those who were sentenced for a sexually oriented offense on or after that date. Ohio Revised Code § 2950.04(A)(1)(a) and (b).[2]

Following his May 21, 2005 arrest, Plaintiff was indicted by a Franklin County grand jury on May 27, 2005 for failing to notify Franklin County Sheriff Jim Karnes of his change of address. On July 19, 2005, he pled guilty in the Franklin County Court of Common Pleas to a violation of Ohio Revised Code § 2950.05, a fourth degree felony. On September 9, 2005, Plaintiff was sentenced to six months in prison for this offense. Plaintiff was represented by attorney Trent Turner throughout these proceedings.

On May 24, 2006, Plaintiff, proceeding *pro se*, filed suit against Sheriff Karnes in his official and individual capacity, seeking relief under 42 U.S.C. § 1983. He alleged that Sheriff Karnes violated his constitutional rights by falsely arresting him and falsely imprisoning him.

---

[1] Defendant maintains that Plaintiff was released in October of 2000; Plaintiff maintains that he was released on October 16, 1999. The discrepancy is not dispositive.

[2] This section of the statute has subsequently been revised.

He further alleged that Sheriff Karnes denied him access to the courts by failing to provide him with access to a law library and writing materials while Plaintiff was an inmate at the Franklin County Jail. Plaintiff filed an Amended Complaint in January of 2007. In November of 2007, the Court granted Defendant's motion for judgment on the pleadings. The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff thirty days to file a Second Amended Complaint.

On December 26, 2007, Plaintiff filed his Second Amended Complaint against Sheriff Karnes, seeking compensatory and punitive damages. In addition to the previously-asserted § 1983 claims of false arrest, false imprisonment and denial of access to the courts, Plaintiff also alleged that Sheriff Karnes violated his due process rights by causing him to be deprived of his Social Security and Veterans Administration benefits and his car during the time he was incarcerated. Plaintiff also seeks to hold Sheriff Karnes liable in his official capacity as a final decision-maker. In addition, he maintains that Sheriff Karnes failed to adequately train and supervise his employees and had a custom of tolerating civil rights violations. Plaintiff also appears to assert a claim on the basis of *respondeat superior*. Both parties have filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## II.   Standard of Review

Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The standard for summary judgment is found in Federal Rule of Civil Procedure 56(c):

> [Summary judgment] . . . should be rendered if the pleadings, the discovery and disclosure materials on

> file, and any affidavits show that there is no genuine
> issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Sys., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)). See also Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). The court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Weaver v. Shadoan, 340 F.3d 398, 405 (6th Cir. 2003).

In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law. Leary v. Daeschner, 349 F.3d 888, 897 (6th Cir. 2003). All the evidence and facts, as well as inferences to be drawn from the underlying facts, must be considered in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Wade v. Knoxville Util. Bd., 259 F.3d 452, 460 (6th Cir. 2001). Additionally, any "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes v. S.H. Kress

4

& Co., 398 U.S. 144, 157-60 (1970).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original). A "material" fact is one that "would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of [an] appropriate principle of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984). See also Anderson, 477 U.S. at 248. An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. See also Leary, 349 F.3d at 897.

If the moving party meets its burden, and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. The nonmoving party must demonstrate that "there is a genuine issue for trial," and "cannot rest on her pleadings." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997).

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

5

The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. Anderson, 477 U.S. at 252. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). The court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. Anderson, 477 U.S. at 251-52; Lansing Dairy, Inc., 39 F.3d at 1347.

The standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. Taft Broad. Co. v. United States, 929 F.2d 240, 248 (6th Cir.1991). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits." Id. (citations omitted).

## III.    Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment

In his memorandum in opposition to Defendant's motion for summary judgment, Plaintiff moves the Court to strike Defendant's motion because it was not signed by counsel for Defendant. Although the copy of the motion that was mailed to Plaintiff may not have been signed, the copy that was filed with the Court on May 14, 2008 was signed by counsel for Defendant in accordance with this Court's policies and procedures.

Plaintiff also moves to strike Defendant's motion because even though the Certificate of Service states that it was mailed to Plaintiff on May 13, 2008, the affidavit attached as an exhibit to that motion was not notarized until May 14, 2008. It is not clear which date is incorrect. In any event, Plaintiff has not alleged that he suffered any prejudice as a result of the mistake, and the Court finds no basis for striking Defendant's motion for summary judgment.

IV.     **Analysis**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.[3] That statute states: "[e]very person who, under color of any statute, ordinance, regulation, custom or usage of any state . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws" shall be liable to the injured party. This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)). In order to recover under § 1983, a plaintiff must prove that the defendant, while acting under color of state law, violated rights secured by the Constitution or laws of the United States. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Complaints filed by *pro se* litigants must be liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519 (1972)). The Court reads Plaintiff's

---

[3] Plaintiff has sued Sheriff Karnes in his individual capacity and in his official capacity. As the Supreme Court noted in Kentucky v. Graham, 473 U.S. 159 (1985), a claim brought against a government employee in his or her *individual* capacity seeks to hold the employee personally liable for actions taken under color of state law. However, a claim brought against a government employee in his or her *official* capacity is the equivalent of a claim brought against the governmental entity itself. Id. at 165-66.

Second Amended Complaint to assert violations of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.[4] The Court turns first to the claims brought against Sheriff Karnes in his individual capacity.

### A. Individual Capacity Claims

#### 1. False Arrest/False Imprisonment

The Fourth Amendment to the United States Constitution secures the right of the people to be free from unreasonable seizures. U.S. Const. amend. IV. Plaintiff alleges that he was falsely arrested and falsely imprisoned in violation of the Fourth Amendment. As noted earlier, the sex offender reporting requirements, as they existed at the time of Plaintiff's arrest, applied to any individual who "on or after July 1, 1997, is released in any manner from the prison term, term of imprisonment, or confinement" for a sexually oriented offense. Ohio Revised Code § 2950.04(A)(1)(a).

Plaintiff maintains that because he was released from prison on parole in 1992, he is not subject to the reporting requirements. Defendant, on the other hand, maintains that because Plaintiff's parole was revoked in 1993 and he was sent back to prison to serve the remainder of his rape sentence and was not re-released until 1999 or 2000, Plaintiff is subject to Ohio's sex offender reporting requirements. Plaintiff responds by noting that the Ohio Supreme Court, in State v. Champion, 106 Ohio St. 3d 120, 832 N.E.2d 718 (Ohio 2005), held as follows:

> a person whose prison term for a sexually oriented offense was completed before July 1, 1997, is not required to register under R.C. 2950.04(A)(1)(a) or periodically verify a current address under R.C. 2950.06(A), *even if the person returns to prison on a*

---

[4] The Court does not construe Plaintiff's Second Amended Complaint to include any claims under state law.

8

>  *parole violation for a term served concurrently with the sexually oriented offense.*

Id. at ¶ 13 (emphasis added).

In resolving the pending motions, the Court need not reach the legal question of whether Plaintiff is subject to Ohio's sex offender reporting requirements. Regardless of whether Plaintiff was required, pursuant to Ohio Revised Code § 2950.05, to report his change of address, Sheriff Karnes is entitled to summary judgment on Plaintiff's claims of false arrest and false imprisonment for several different reasons.

First and foremost, because Plaintiff pled guilty to violating Ohio Revised Code § 2905.05, he is estopped from seeking damages in a § 1983 action based upon allegations of false arrest and false imprisonment.[5] As the Sixth Circuit noted in Walker v. Schaeffer, 854 F.2d 138 (6th Cir. 1988):

> A state court judgment must be given the same preclusive effect in federal court that it would be given in the courts of the rendering state. This principle applies to civil rights actions under section 1983 with respect to issues actually litigated (collateral estoppel or issue preclusion) and issues which could have been but were not litigated in the state court proceeding (res judicata or claim preclusion).

Id. at 142 (internal citations omitted). In Walker, the court held that because plaintiffs had entered guilty pleas in state court, they were estopped from asserting in federal court that the police officers had acted without probable cause. The court concluded that plaintiffs were barred

---

[5] Although Sheriff Karnes has not argued that Plaintiff's guilty plea bars the claims of false arrest and false imprisonment, the Court may grant summary judgment for reasons not argued by the parties. Hunley v. DuPont Auto., 341 F.3d 491, 501 (6th Cir.2003) ("A district court may properly grant summary judgment on grounds not argued in the motion by the parties.").

9

from seeking damages under § 1983 on claims of false arrest and false imprisonment. Id.

In this case, Plaintiff pled guilty to violating Ohio Revised Code § 2950.05, the statute which requires certain sex offenders to report any address changes to the local sheriff. By its express terms, Ohio Revised Code § 2950.05 applies only "[i]f an offender . . . is required to register pursuant to § 2950.04." Because Plaintiff necessarily admitted, as the basis for his guilty plea, that he was "required to register pursuant to § 2950.04," he is now estopped from asserting that he was not subject to the reporting requirements, and is barred from recovering damages on his claims of false arrest and false imprisonment.

Even if Plaintiff were not estopped from recovering damages on his claims of false arrest and false imprisonment, Sheriff Karnes would still be entitled to summary judgment on these claims. As Sheriff Karnes notes in his motion for summary judgment, he did not arrest Plaintiff. According to the arrest report, Plaintiff was instead arrested by Officer Jones of the Columbus Division of Police. (Barrett Decl. ¶5; Ex. A-1 to Barrett Decl.). Plaintiff has presented no evidence that Sheriff Karnes actively participated in the arrest, and there is no evidence that Sheriff Karnes had any supervisory authority over Officer Jones, a member of the Columbus Division of Police. Absent any evidence that Sheriff Karnes actively participated in Plaintiff's arrest or somehow encouraged the allegedly unconstitutional conduct, he cannot be held personally liable on Plaintiff's claim of false arrest. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

Finally, with respect to Plaintiff's claim of false imprisonment, Sheriff Karnes is entitled to absolute immunity. Sheriff Karnes notes that he has no authority to decide whether Plaintiff is a sex offender subject to the reporting requirements, and he did not make that determination.

After Plaintiff was indicted by the Franklin County grand jury, Sheriff Karnes had a duty to hold Plaintiff in custody while he was awaiting trial. Likewise, after Plaintiff pled guilty to a violation of Ohio Revised Code § 2950.05 and was sentenced to a term of imprisonment, Sheriff Karnes had a duty to jail him pursuant to that court order. Sheriff Karnes is, therefore, immune from damages. See Mays v. Sudderth, 97 F.3d 107, 113 (5th Cir. 1996) ("an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction.").

For all of these reasons, the Court finds that Sheriff Karnes is entitled to judgment in his favor on Plaintiff's claims of false arrest and false imprisonment.

### 2. Due Process

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits States from depriving "any person of life, liberty, or property" without due process of law. U.S. Const. amend. XIV. To the extent that Plaintiff's Second Amended Complaint could be construed to include a claim that his allegedly unlawful incarceration deprived him of his liberty interest without due process of law, Defendant is entitled to judgment on this claim as a matter of law. As the Sixth Circuit explained in Radvansky v. City of Olmsted Falls, 395 F.3d 291, 313 (6th Cir. 2005), it is the Fourth Amendment rather than the Fourteenth Amendment that establishes procedural protections in the area of criminal law. Plaintiff's claim that he was deprived of his liberty interest, therefore, must be analyzed under the Fourth Amendment, and it fails for the reasons set forth above.

Plaintiff also alleges that Sheriff Karnes violated his Fourteenth Amendment Due Process rights by depriving him, or causing others to deprive him, of property, namely Plaintiff's Social Security and Veterans Administration benefits and his Lincoln Town Car, during the time he was in jail. (Second Am. Compl. at ¶ 14). The loss of these benefits is a direct result of Plaintiff's felony conviction and sentence. See 38 U.S.C. § 5313(a) (restricting Veterans Administration benefits payable to incarcerated veterans); 42 U.S.C. § 402(x)(1)(A)(i) (restricting Social Security benefits payable to individuals incarcerated for convictions of criminal offenses). Because Plaintiff had no legitimate claim of entitlement to these benefits during the period of his incarceration, his procedural due process claim fails as a matter of law. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Moreover, courts have held that the suspension of these benefits during a period of incarceration does not violate the inmate's due process rights. See Davis v. Bowen, 825 F.2d 799 (4th Cir. 1987) (regarding blanket suspension of Social Security benefits); Jackson v. Congress of U.S., 558 F. Supp. 1288 (D.C.N.Y. 1983) (suspension of VA educational benefits does not violate due process). Sheriff Karnes is therefore entitled to summary judgment on Plaintiff's due process claims.

### 3. Access to Courts

The First Amendment to the United States Constitution guarantees the right of the people to petition the Government for a redress of grievances. U.S. Const. amend. I. Plaintiff alleges that Sheriff Karnes violated this constitutional right by depriving him of access to legal materials, paper and pens while he was housed at the jail from May 21, 2005 until July 19, 2005 when he was released on his own recognizance following his guilty plea. Plaintiff contends that he told the magistrate judge at the arraignment that he planned to represent himself. The

magistrate judge allegedly told him that he had the right to do so, and advised the attorneys to see to it that he had access to legal materials at the county jail. According to Plaintiff, he had no money and no writing materials, and the deputies at the jail ignored all of his requests for law books. In support of his motion for summary judgment, he has submitted the affidavit of Francis Denney, a fellow inmate, who states that Plaintiff's numerous requests for access to law books and writing materials were ignored. (Ex. A to Pl.'s Mot. Summ. J.).

As an initial matter, Plaintiff has not alleged that he suffered any actual injury as a result of Sheriff Karnes' conduct as required by Lewis v. Casey, 518 U.S. 343 (1996). Moreover, Plaintiff admits that he was represented by Trent Turner, an attorney who was appointed to represent him throughout the guilty plea and sentencing hearings. In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that States must ensure that prisoners have some form of meaningful access to the courts. However, this obligation can be met by providing prisoners either with access to a law library or by providing prisoners with "adequate assistance from persons trained in the law." Id. at 828. As the Sixth Circuit noted in Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983), it is up to the State to determine which of these two alternatives to offer. Since the State provided Plaintiff with appointed counsel, it fulfilled its constitutional obligation. Id. at 640-41. See also Lloyd v. Corrections Corp. of America, 855 F. Supp. 221, 223 (W.D. Tenn. 1994) ("An inmate's right of access to the courts is fully protected if he is represented by counsel."). The Court therefore concludes that Sheriff Karnes is entitled to summary judgment on Plaintiff's claim of denial of access to the courts.

### B. Official Capacity Claims

Plaintiff has also sued Sheriff Karnes in his official capacity. As noted earlier, a claim brought against a government employee in his or her official capacity is the equivalent of a claim brought against the governmental entity itself, in this case, Franklin County. Official capacity claims are governed by Monell v. Department of Social Services, 436 U.S. 658 (1978).

Under Monell, a governmental entity cannot be held liable under § 1983 on a respondeat superior theory simply because its employees engaged in unconstitutional conduct. Id. at 691. Rather, a plaintiff seeking to prevail in a § 1983 suit against a governmental entity must first prove, of course, that a constitutional violation actually occurred, and then prove that a policy or custom of the governmental entity was the "moving force" behind the alleged constitutional violation. Id. at 694. Such a policy or custom may consist of: "(1) the [governmental entity's] legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of or acquiescence of federal rights violations." Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005).

Plaintiff has generally alleged that Sheriff Karnes was an official with final decision-making authority, that he failed to adequately train and supervise his employees, and that he had a custom of tolerating civil rights violations. Plaintiff has completely failed to flesh out any of these claims and has presented no evidence to support them. Even if Plaintiff had presented any evidence, Sheriff Karnes is entitled to summary judgment on these claims as a matter of law.

The Court has already held that Plaintiff's claims of false arrest and false imprisonment are foreclosed by his guilty plea. This holding applies not only to the claims brought against

Sheriff Karnes in his individual capacity, but also to the claims brought against him in his official capacity. Moreover, absent constitutional harm by a government official, damages cannot be awarded against the governmental entity. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). As the Court previously held, there is no evidence that Sheriff Karnes or any of his employees directly participated in Plaintiff's arrest; therefore, Sheriff Karnes, in his official capacity, is not subject to liability on Plaintiff's claim of false arrest. Likewise, the Court has already found that Sheriff Karnes did not violate Plaintiff's due process rights or Plaintiff's right of access to the courts. Therefore, damages cannot be awarded against Sheriff Karnes in his official capacity on these First or Fourteenth Amendment claims.

For these reasons, the Court finds that Sheriff Karnes is entitled to summary judgment as a matter of law on the claims brought against him in his official capacity.

**V.     Conclusion**

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for summary judgment (Doc. 45) and **GRANTS** Defendant's motion for summary judgment (Doc. 44). The Clerk is directed to enter judgment in favor of Defendant Jim Karnes.

**IT IS SO ORDERED.**


Date: February 24, 2009                                       **/s/ John D. Holschuh**
                                                              John D. Holschuh, Judge
                                                              United States District Court